## IN UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DARNEZ PERKINS and MICKIN S. PERKINS, | ) ) ) |
| Plaintiffs, | ) ) No. 13-cv-02430 |
| v. | ) ) Judge Andrea R. Wood |
| THE COUNTY OF COOK, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Darnez Perkins and Mickin S. Perkins ("Plaintiffs") are employed by the Cook County Sheriff (the "Sheriff") as Correctional Officers. The Sheriff filed a complaint with the Cook County Sheriff's Merit Board (the "Merit Board") seeking to have Plaintiffs suspended for violations of Sheriff's Office rules and regulations arising out of misdemeanor charges for animal cruelty. The Merit Board sanctioned each Plaintiff with a 60-day unpaid suspension. Plaintiffs subsequently filed this lawsuit against Cook County; Thomas Dart, in his official capacity as the Sheriff; the Merit Board; and the individual members of the Merit Board[1] under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging that the Sheriff's charges against them and the discipline they received from the Merit Board were based on their race. For the reasons explained below, the Court *sua sponte* dismisses Plaintiffs' complaint as barred by the doctrine of *res judicata*.

---

[1] The individual Merit Board members named as Defendants are James P. Nally, Byron Brazier, Robert F. Hogan, John Dallcandro, Brian J. Riordan, Lance C. Tyson, Kim R. Widup, John R. Rosales, and Vincent T. Winters. In their brief opposing the motions to dismiss, Plaintiffs concede that the individual Merit Board members are not proper defendants in this case and that the claims against them should be dismissed. (Pls.' Resp. Br. at 10-11, Dkt. No. 24.)

## Background

Plaintiffs, a married couple, are both employed as Correctional Officers for the Department of Corrections ("DOC") in Cook County, Illinois. (Compl. ¶ 1, Dkt. No. 1; Mot. to Dismiss Ex. A at 8-9, Dkt. No. 20.) On January 2, 2009, they were arrested by the Chicago Police Department and charged with misdemeanor animal cruelty. (Compl. ¶ 15.) The charges were dismissed by a Cook County Circuit Court Judge on April 22, 2009. (*Id*.) Shortly thereafter, however, the DOC notified Plaintiffs that it believed the conduct alleged in the misdemeanor charge violated the rules and regulations of the DOC and the Merit Board. (*Id.* ¶ 16.) Plaintiffs were then referred to the Merit Board for a Loudermill Hearing.[2] (*Id.*)

On June 10, 2011, Dart, in his official capacity as the Sheriff, signed a complaint against each of the Plaintiffs based on the same facts as the misdemeanor animal cruelty charge and citing Merit Board rules and regulations that the Sheriff alleged had been violated. (*Id.* ¶¶ 17–18.) The Merit Board complaints were prosecuted by the Cook County State's Attorney. (*Id.* ¶ 19.) After an evidentiary hearing before the Merit Board, Plaintiffs were found to have violated the rules and regulations cited in the complaints. (*Id.* ¶ 20.) On October 24, 2012, the Merit Board issued decisions to that effect and sanctioned each Plaintiff with a 60-day unpaid suspension. (*Id.* ¶ 21.) The DOC later informed Plaintiffs that their suspensions would be effective from January 20, 2013 through March 20, 2013. (*Id.* ¶ 22.) Plaintiffs claim that as a result of being suspended in excess of three days, they have been disqualified from bidding for

---

[2] The name of the proceeding is taken from *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), in which the U.S. Supreme Court considered the due process requirements for termination of a tenured, public employee. The Court stated that "[t]he essential requirements of due process . . . are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. . . . The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546.

preferable positions or shifts and from qualifying for promotions for a period of five years following the imposition of the suspension. (*Id.* at ¶ 25.)

On December 18, 2012, Plaintiffs filed a complaint for administrative review of the Merit Board's decisions in the Circuit Court of Cook County ("Circuit Court"), naming Cook County, the Sheriff, and the Merit Board as defendants. (Pls.' State Ct. Compl., Dkt. No. 20-1.) In their complaint, Plaintiffs claimed that the Merit Board's decisions "[were] against the manifest weight of the evidence, [were] arbitrary and capricious, [were] legally erroneous, and [did] not constitute sufficient cause for discipline." (*Id.* at 2.) They sought "an order setting aside and reversing the [Merit Board] Decisions" and "to be made whole for all time served for the suspension including any back pay and benefits, and for any other relief that this Court deems just and equitable." (*Id.* at 2–3.) The Circuit Court complaint did not mention race discrimination as a basis for challenging the Merit Board decisions.

On January 3, 2013, Darnez Perkins received his right-to-sue notice from the EEOC. (Compl. ¶ 16.) Mickin Perkins received her right-to-sue notice on March 22, 2013. (*Id.* ¶ 22.) Approximately one week later, on April 1, 2013, Plaintiffs filed their Complaint in this Court alleging violations of Title VII. In the Complaint, Plaintiffs claim that the "practice of the Sheriff and the Merit Board in deciding whether to file a complaint for misconduct, what penalty will be sought, whether the complaint will be sustained and what penalty will be imposed is based on the racial characteristics of the employee." (*Id.* ¶ 30.) As evidence of this discriminatory practice, Plaintiffs provide examples of eleven Caucasian Sheriff employees who Plaintiffs claim were subjected to lesser penalties for similar or more egregious misconduct, and three African-American employees who were subjected to harsher penalties than their Caucasian counterparts for similar or less egregious conduct. (*Id.* ¶¶ 26–27.) Plaintiffs seek relief from this Court

including "[a]ll wages and benefits Plaintiffs would have received but for the discriminatory conduct of the Defendants," compensatory damages of $100,000 or greater, attorney's fees and costs, and a "permanent injunction barring the Defendants from engaging in similar discriminatory conduct and requiring the Defendants to adopt employment practices and policies in accord and conformity with the requirements of Title VII." (*Id.* ¶ 8.)

All of the Defendants have moved to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. After the motions to dismiss were fully briefed, however, the Circuit Court issued a final judgment in favor of Defendants on Plaintiffs' complaint for administrative review of the Merit Board's decision.[3] Plaintiffs did not appeal the final judgment.[4] As a result of the state court's judgment, the arguments raised in the parties' briefs are now largely moot, as it is apparent to this Court that Plaintiffs' claims are barred by the doctrine of *res judicata*.

## Discussion

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "[f]actual allegations must be enough

---

[3] According to the electronic docket in *Perkins v. Dart, et al.*, 12-CH-44617, pending in the Circuit Court of Cook County, a judgment was entered in favor of the defendants in a final and appealable order on September 26, 2013. This case was reassigned to this Court after the motions to dismiss were fully briefed and the final judgment was entered in the state proceeding. After the reassignment, the parties appeared before this Court for a status hearing yet neither counsel saw fit to inform the Court about the state court judgment.

[4] The docket in the Circuit Court case shows that no notice of appeal was filed.

to raise a right to relief above the speculative level." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). At the motion to dismiss stage, the Court construes a complaint in the light most favorable to the plaintiff and accepts all well-pled facts as true. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009).

In their briefs, Defendants argue that this lawsuit is barred by the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine requires federal courts to "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Freeeats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007). Courts apply a three-part test to determine whether to abstain under *Younger*: (1) the judicial or judicial in nature state proceedings must be ongoing; (2) the proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state court proceeding to raise constitutional challenges. *Trust & Inv. Advisers, Inc. v. Hogsett*, 43 F.3d 290, 296 (7th Cir. 1994). In performing the *Younger* analysis here, however, the Court need not proceed beyond the first step. Shortly after Defendants' motions to dismiss were fully briefed, the Circuit Court of Cook County issued a final judgment in favor of Defendants. Thus, the state court proceedings are no longer "ongoing" and, as a result, Defendants' arguments concerning *Younger* abstention do not apply.

With the state court proceedings complete, this Court applies the principles of *res judicata* to determine whether this lawsuit may proceed.[5] *Exxon Mobil Corp. v. Saudi Basic Ind.*

---

[5] *Res judicata* is an affirmative defense. Although the usual procedure would be for Defendants' to raise *res judicata* by moving for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the defense may be raised at the motion to dismiss stage as well, if the judge "ha[s] before h[er] all [s]he needed in order to be able to rule on the defense." *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014). Here, many of the arguments that Defendants raised in support of *Younger* abstention weigh in favor of a *res judicata* finding now that there is a final state court judgment. As Plaintiffs have

*Corp.*, 544 U.S. 280, 293 (2005) ("Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law."). The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014) (quoting *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982)). Once a final judgment on the merits has been reached by a court of competent jurisdiction, it bars "any subsequent actions between the same parties or their privies on the same cause of action." *Walczak*, 739 F.3d at 1016 (quoting *Rein v. David A. Noyes & Co.*, 172 Ill.2d 325, 665 N.E.2d 1199, 1204 (1996)). Thus, if a state court judgment would be granted preclusive effect under state law and the party against whom preclusion is being sought enjoyed a full and fair opportunity to raise his or her federal claim in the state court proceeding, then a federal court must afford that judgment preclusive effect. *Abner v. Ill. Dep't of Transp.*, 674 F.3d 716, 719 (7th Cir. 2012).

In Illinois, *res judicata* applies when three prerequisites are met: (1) a final judgment on the merits by a court of competent jurisdiction; (2) an identity of the causes of action; and (3) an identity of parties or their privies. *Walczak*, 739 F.3d at 1016. In this case, there can be no doubt that the first and third criteria are satisfied. The final judgment by the Circuit Court sitting in review of the Merit Board decision clearly constitutes a final judgment on the merits that has the same preclusive effect as any other judgment rendered by a state court. *Abner*, 674 F.3d at 719. Moreover, the same plaintiffs and defendants are present in both the Circuit Court case and this federal court action. Thus, the question to be decided is whether there is an identity of the causes of action here and in the state court proceeding.

---

already responded to these arguments in the *Younger* context, the Court deems it appropriate to address the *res judicata* issue *sua sponte* without further briefing.

Causes of action are considered the same if they satisfy the "transactional test, which provides that separate claims are considered the same cause of action for claim-preclusion purposes if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Walczak*, 739 F.3d at 1016-17 (internal citations and quotations omitted). As such, *res judicata* applies to matters that could have been decided in the original action, not just matters that were decided in the original action. *Id.* at 1017.

The Seventh Circuit has held that *res judicata* applies to Title VII claims raised in federal court proceedings where a state court final judgment was entered on the underlying adverse employment action, even if no discrimination claims were raised in the state court case. In *Welch v. Johnson*, 907 F.2d 714 (7th Cir. 1990), a former employee of the Illinois Department of Children and Family Services was terminated for misuse of her position. She filed a complaint in federal court asserting claims under 42 U.S.C. § 1983 and Title VII, and also challenged her termination at the state level by filing a complaint for administrative review with the Circuit Court. *Id.* at 716-17. The state court issued a final judgment in favor of the defendants, and the Seventh Circuit subsequently determined that *res judicata* applied to bar the federal suit:

> In both actions, the focus was on proving either the legality or the illegality of DCFS's conduct and treatment of [the plaintiff]. Thus, we conclude that the proof required from [the plaintiff] in the state and federal section 1983 actions was essentially the same.

*Id.* at 721. Similarly, in *Abner v. Illinois Department of Transportation*, a former employee of the Illinois Department of Transportation attempted to file a federal lawsuit under Title VII after the state court issued a final judgment affirming his termination. 674 F.3d at 717. The Seventh Circuit noted that the discrimination claim was "in essence, an assertion that the Department's stated reason for his termination—disorderly conduct—is a pretext for discrimination. As such, it could have been raised as a defense in the administrative proceeding." *Id.* at 719.

7

Other courts in this District have recently considered the issue in the context of Merit Board proceedings in particular, and have reached the same result. For example, in *Redmond v. Cook County Sheriff's Department*, No. 11 C 8734, 2014 WL 551008 (N.D. Ill. Feb. 11, 2014), a Deputy Sheriff was terminated due to attendance issues, and a complaint was filed against him with the Merit Board alleging that his attendance issues constituted abandonment of his position. Id. at *2. The Merit Board agreed with the allegations, and the plaintiff appealed the decision by filing a complaint for administrative review with the Circuit Court of Cook County. The plaintiff's complaint in the Circuit Court included no claims of discrimination or retaliation. *Id.* He then filed a federal lawsuit alleging violations of Title VII and the ADA based on the Merit Board's actions. Approximately three months after the federal lawsuit was filed, the Circuit Court of Cook County upheld the Merit Board's decision. *Id.* The district court concluded that although the Circuit Court case did not raise discrimination claims, both suits arose "from the same core of operative facts, *i.e.*, the Merit Board's ultimate decision to terminate Redmond." *Id.* at *3 (quoting *Garcia v. Vill. of Mt. Prospect*, 360 F.3d 630, 635 (7th Cir. 2004)). Essentially, the two suits were "merely different factual sides of the same coin," insofar as "either he was properly discharged, or he was improperly discharged due to some form of discrimination and his attendance issues were merely pretext." *Id.* at *3-4. *See also Atterberry v. Cook County Sheriff*, No. 09 C 6653, 2010 WL 680976 (N.D. Ill. Feb. 23, 2010) (finding that *res judicata* barred the plaintiff's federal lawsuit alleging discriminatory discharge where the plaintiff pursued state court review of the Merit Board's decision and the state court found for the defendants).

To avoid succumbing to a similar outcome in this case, Plaintiffs should have raised their Title VII claims in the state court proceeding. "Illinois litigants seeking circuit-court review of

administrative proceedings implicating events that also give rise to a federal civil-rights claim must join that claim with the judicial-review action in the circuit court." *Walczak*, 739 F.3d at 1017. If there had been any issue with the timing of receipt of their EEOC right-to-sue letters, Plaintiffs could have either requested that the state court postpone or stay the proceedings until the charge was resolved, or they could have asked the EEOC to "accelerate the administrative process." *Redmond*, 2014 WL 551008, at *4 (quoting *Walczak*, 730 F.3d at 1019 n.3).

The final remaining question is whether Plaintiffs had a "full and fair opportunity to litigate [their] claims" in the Circuit Court case. *Pirela v. Vill. of N. Aurora*, 935 F.2d 909, 911 (7th Cir. 1991). The Court finds that they did. Plaintiffs could have (and, indeed, should have) joined their Title VII claims to their Circuit Court complaint. The Seventh Circuit has determined that even if the state court review is "less than a *de novo* review [that] does not undermine the preclusive effect of the state court judgment from a due process perspective." *Welch*, 907 F.2d at 725. As noted in *Redmond*, "Illinois courts have 'a duty, under the Administrative Review Act, to ensure that due process and an impartial adjudication were afforded in the administrative hearing.'" 2014 WL 551008, at *5 (quoting *Pirela*, 935 F.2d at 915); *see also Atterberry*, 2010 WL 680976, at *5. Additionally, the Merit Board decision in this case makes clear that Plaintiffs were "personally served with a copy of the Complaint and notice of hearing and appeared before the Board with counsel to contest the charges contained in the Complaint." (Def. Mot. to Dismiss, Ex. A at 5, 12, Dkt. No. 16.) Thus, the record demonstrates that the final requirement for *res judicata* is satisfied.

## Conclusion

For the foregoing reasons, the Court finds that Plaintiffs' federal claims are barred by the doctrine of *res judicata*. Defendants' motions to dismiss the complaint (Dkt. Nos. 15, 20) are denied as moot. This case is dismissed with prejudice.

ENTERED:

Dated: September 24, 2014

Andrea R. Wood
United States District Judge